UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT CARPENTER, JR.,

v.  Case No. 8:21-cr-309-VMC-NHA
    8:25-cv-449-VMC-NHA

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Scott Carpenter, Jr.'s 28 U.S.C. § 2255 Amended Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 8). The United States of America responded on July 24, 2025. (Civ. Doc. # 17). Carpenter replied on August 4, 2025. (Civ. Doc. # 18). For the reasons that follow, the Motion is granted to the extent set forth below.

I. **Background**

Pursuant to a plea agreement, Carpenter pled guilty to Counts Ten and Eleven of the Second Superseding Indictment for knowingly interfering with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) and brandishing a firearm during and in relation to a violation of 18 U.S.C. § 1951(a). (Crim. Doc. ## 164, 203). On February 14, 2024, the Court sentenced Carpenter to 336 months in prison. (Doc. ## 233,

1

239). Carpenter did not file a direct appeal of his conviction and sentence within fourteen days of the entry of the original judgment or the amended judgment.

## II.  Discussion

In his Motion, Carpenter argues, among other claims, that "counsel failed to timely file a notice of appeal depriving petitioner the right to direct appellate review and the right to counsel to perfect the appeal." (Civ. Doc. # 8 at 2). "It has been this Court's experience that such a claim must be brought before the Court at considerable expense and inconvenience to the United States Marshals Service, as well as the United States Attorney's Office which must utilize its overstretched resources by having an Assistant United States Attorney respond to the motion and later prepare for and attend a hearing." Cooper-Miller v. United States, No. 8:11-cr-553-VMC-AEP, 2014 WL 11412834, at *1 (M.D. Fla. May 5, 2014).

Additionally, Carpenter's waiver of appellate rights in his plea agreement likely does not preclude him from raising his ineffective assistance of counsel argument. See Id. ("[I]n light of the Eleventh Circuit's opinion in Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005), the fact that the Defendant executed a written plea agreement

2

containing a provision in which she waived her right to appeal and collaterally challenge her sentence in the underlying criminal case does not foreclose her from raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to pursue a direct appeal.").

"In light of the foregoing, the Court concludes that the interest of judicial economy would best be served by granting the [Motion], but only to the extent that [Carpenter] will be afforded an out-of-time appeal pursued by appointed counsel." Id. "In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000)." Id. As the Phillips court explained:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a [Section] 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

Phillips, 225 F.3d at 1201. Indeed, the Eleventh Circuit "approves the granting of a motion to vacate without an

evidentiary hearing if the district court follows Phillips." United States v. Bankston, No. 8:16-cr-232-SDM-CPT, 2018 WL 5279134, at *2 (M.D. Fla. Oct. 24, 2018). "A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the Phillips procedure." United States v. Robinson, 648 F. App'x 823, 824 (11th Cir. 2016).

In no way should the Court's granting Carpenter's Motion be interpreted as a determination or suggestion that his former counsel was in any manner ineffective in the representation of Carpenter in the criminal proceedings. See Bankston, 2018 WL 5279134, at *2 ("Allowing a belated appeal yields to the need for judicial economy (given the present peculiar state of pertinent law) and neither includes nor suggests a determination that trial counsel was ineffective."). Rather, the Court is granting Carpenter's requested relief "only in the interest of judicial economy" to avoid an evidentiary hearing. Cooper-Miller, 2014 WL 11412834, at *1; see also United States v. Howard, No. 8:15-cr-211-MSS-TGW, 2017 WL 7371186, at *2 (M.D. Fla. June 22, 2017) (emphasizing "that this determination to grant a belated appeal in the underlying criminal case is only made in the interest of judicial economy").

Finally, the Court dismisses without prejudice Carpenter's other collateral claims raised in the instant Section 2255 Motion. See McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) (instructing district courts that grant a belated appeal in a Section 2255 proceeding to dismiss any other collateral claims raised in the same motion without prejudice for purposes of judicial efficiency); United States v. Frank, 353 F. App'x 305, 307 (11th Cir. 2009) ("While prisoners may include collateral challenges in their [Section] 2255 motion requesting an out-of-time appeal, the 'best approach' is for the district court to dismiss the collateral claims without prejudice if it grants an out-of-time appeal because 'collateral claims should not be entertained while a direct appeal is pending,' and '[o]nce the court has determined that the petitioner is entitled to a direct appeal, such an appeal is pending for all relevant policy purposes.'" (citing McIver, 307 F.3d at 1331 n.2)).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Scott Carpenter, Jr.'s 28 U.S.C. § 2255 Amended Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 8) is **GRANTED,** but only to the extent that he may file

a belated appeal in the related criminal case. His other collateral claims are **DISMISSED** without prejudice.

(2) The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in a new judgment.

(3) The Clerk is directed to enter judgment for Carpenter and to **CLOSE** this case.

(4) Carpenter's original 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1; Crim. Doc. # 282) is **DENIED** as moot in light of the Amended Moton.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of August, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE